**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDDIE NEALY AND DE ANN GARRAHAN NEALY,** | § | |
| | § | |
| **Plaintiffs/Counter-Defendants,** | § | |
| | § | **Civil Action No. 5:23-cv-00335-OLG** |
| **v.** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant/Counter-Plaintiff.** | § | |

**DEFENDANT/COUNTER-PLAINTIFF'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND COUNTERCLAIM AGAINST PLAINTIFFS / COUNTER-DEFENDANTS**

Defendant PHH Mortgage Corporation[1] ("PHH") files this its Original Answer to Plaintiffs' *Original Petition and Application for Temporary Restraining Order* (the "Complaint") and Counterclaim against Plaintiffs/Counter-Defendants, and respectfully state as follows:

## I. ANSWER

Defendant answers Plaintiffs' Complaint as follows:

1. Paragraph 1 of the Complaint contains a jurisdictional statement that is not applicable to proceedings in this Court. Defendant further state that this Court has jurisdiction over Plaintiff as asserted in the Notice of Removal.

2. With respect to Paragraph 2 of the Complaint, Defendant exclusively admits that Plaintiffs are resident of the State of Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint and, therefore, denies same.

[1] Plaintiff incorrectly names PHH as PHH Mortgage Services Corporation.

3. Defendant admits only that it is a mortgage corporation that is authorized to conduct business in Texas. Defendant denies the remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits, solely based on the allegations contained in Plaintiffs' Complaint, that the amount in controversy is within the United States District Court for the Western District of Texas, San Antonio Division, jurisdictional requirements. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits, solely based on the allegations contained in Plaintiffs' Complaint, that the United States District Court for the Western District of Texas, San Antonio Division, has jurisdiction over the parties and the subject matter of this case. Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits, solely based on the allegations contained in Plaintiffs' Complaint, that venue is proper in Bexar County because the real property concerned in this cause of action is situated in Bexar County. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits Plaintiff Eddie C. Nealy, Jr., signed a Texas Home Equity Adjustable Rate Note dated September 8, 2006. Defendant further admits that Plaintiffs Eddie C. Nealy, Jr., and DeAnn G. Nealy signed a Texas Home Equity Security Instrument dated September 6, 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies the same. As a further response, Defendant denies all allegations of misconduct in this paragraph.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies same.

10. Defendants admits the property located at 19206 Autumn Garden, San Antonio, Texas 78258 was posted for a non-judicial sale for March 7, 2023 which was cancelled due to the filing of this action. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant admits Plaintiff Eddie C. Nealy, Jr., signed a Texas Home Equity Adjustable-Rate Note dated September 8, 2006. Defendant further admits that Plaintiffs Eddie C. Nealy, Jr., and DeAnn G. Nealy signed a Texas Home Equity Security Instrument dated September 6, 2006. Defendant further admits it is the servicer for HSBS Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-D, Mortgage-Backed Certificates, Series 2006-D, who is the current legal owner and holder of the Note and Deed of Trust on the Property. Defendant denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16, including all subparts, of the Complaint.

17. Defendant restates and incorporates its responses to Paragraphs 1-16 above as through fully stated herein.

18. Paragraph 18 of the Complaint contains a conclusion of law and a response is not required. To the extent that a response is required, Defendant denies the allegations in this paragraph.

19. Defendant admits Plaintiff Eddie C. Nealy, Jr., signed a Texas Home Equity Adjustable Rate Note dated September 8, 2006. Defendant further admits that Plaintiffs Eddie C. Nealy, Jr., and DeAnn G. Nealy signed a Texas Home Equity Security Instrument dated September 6, 2006. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint and demands strict proof.

20. Defendant restates and incorporates its responses to Paragraphs 1-19 above as through fully stated herein.

21. The provisions of the Declaratory Judgment Action ("DJA") are self-evident and speak for themselves. Defendant denies the remaining allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in the Prayer, including all subparts.

## II. AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

23. Defendant denies that all conditions precedent to a right of recovery have been satisfied.

24. Plaintiffs' claims are barred by the statute of frauds.

25. Plaintiffs' claims are barred or any failure to perform is excused because one or more of the material obligations of the note and security instrument have not been satisfied.

26. Plaintiffs' claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver.

27. Plaintiffs' claims are barred or any failure to perform is excused by the waiver provisions contained in the security instrument at issue in this lawsuit.

28. Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

29. Plaintiffs' have failed to state a claim upon which relief may be granted.

30. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, because Plaintiffs' have failed to state a claim upon which relief may be granted.

31. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, because one or more of the material obligations of the note and security instrument have not been satisfied.

32. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the equitable doctrine of waiver.

33. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the Parol Evidence Rule.

34. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the applicable statute of limitations.

35. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the waiver provisions contained in the security instrument at issue in this lawsuit.

36. Any alleged wrongful acts or omissions of Defendant, if and to the extent such acts or omissions occurred, was legally excused or justified and were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

37. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the failure of a condition precedent.

38. Defendant's actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, and justified means to further the business purposes of Defendant. Any purported conduct of individuals who were or are agents of Defendant was privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendant pleads all statutory and common law privileges that may apply to its conduct and those of its agents.

39. While Defendant deny that Plaintiffs suffered any injury, any injury sustained by Plaintiffs are the result of the acts or omissions of third parties, over which Defendant exercised no control.

40. While Defendant deny that Plaintiffs suffered any damages, Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

41. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the "one satisfaction" and "con-tort" doctrines.

42. Some or all of Plaintiffs' claims and causes of action are barred, in whole or in part, by the "economic loss" doctrine.

43. Plaintiffs' failed to mitigate and/or minimize their purported damages.

44. Defendant claims all offsets and credits available to it.

45. Some or all of Plaintiffs' claims and causes of action fail for lack of consideration.

46. Some or all of Plaintiffs' claims and causes of action are barred by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

47. Some or all of Plaintiffs' claims and causes of action are barred by Plaintiffs' prior breach of contract.

48. Some or all of Plaintiffs' claims and causes of action are barred by the doctrine of equitable estoppel.

49. Plaintiffs' claims must fail due to the failure to tender all amounts admittedly owed.

50. Plaintiffs fail to state a claim upon which relief may be granted.

51. Defendant reserves the right to assert any defenses, affirmative defense(s), and matter(s) in avoidance as may be disclosed during the course of additional investigation and discovery.

52. Any and all claims alleged in the Petition are barred, in whole or in part, to the extent they seek an improper punitive or multiple damages award for an alleged single wrong because such an award would violate Defendant rights guaranteed by the United States Constitution, including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution.

53. Plaintiffs are not entitled to punitive or multiple damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution, all of which set limits on the award of punitive damages. Defendant hereby invokes the caps on damages as

provided in Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution.

54. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiffs, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiffs' damages, if any. Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 3.

## III. COUNTERCLAIM

Defendant brings the following counterclaim:

### A. Background

55. Plaintiffs filed this action on March 3, 2023, in the 45th Judicial District Court of Bexar County, Texas, as Cause No. 2023CI04407 (the "State Court Action"). The allegations in Plaintiffs Original Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 19206 Autumn Garden, San Antonio, Texas 78258 (the "Property")

56. The action was properly removed the State Court Action to this Court on March 17, 2023. [ECF Doc. No. 1].

### B. Parties and Jurisdiction

57. Plaintiffs/Counter-Defendants Eddie Nealy and De Ann Garrahan Nealy (collectively "Plaintiffs") have previously appeared herein through counsel and may be served through counsel of record.

58. Defendant/Counter-Plaintiff PHH Mortgage Corporation ("PHH") has previously appeared herein through the undersigned counsel.

59. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Counter-Plaintiffs and Counter-Defendant. In addition, more than $75,000.00 is in controversy in this cause, exclusive of interest and costs, as further detailed in the Notice of Removal. 28 U.S.C. § 1332.

**C. Summary of Facts**

60. On or about September 8, 2006, Eddie C. Nealy, Jr., executed a Texas Home Equity Adjustable Rate Note ("Note") in the original principal balance of $340,000.00 that was payable to Fremont Investment & Loan ("Fremont Investment") as a lender on the loan secured by the real property commonly known as 19206 Autumn Garden, San Antonio, Texas 78258, and more particularly described as follows:

> LOT 109, BLOCK 1, NCB 19214, FAIRWAYS OF SONTERRA, UNIT 1, P.U.D., CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT RECORDED IN VOLUME 9514, PAGES 87-89, DEED AND PLAT RECORDS, BEXAR COUNTY, TEXAS
>
> (the "Property").

61. Concurrently with execution of the Note, Eddie C. Nealy, Jr., and DeAnn G. Nealy, as non-obligor spouse to perfect the lien only, executed a Texas Home Equity Security Instrument ("Deed of Trust" and together with the Note, the "Loan Agreement"). The Deed of Trust was recorded in the official public records of Bexar County, Texas, under instrument number 20060240738.

62. PHH is the servicer for HSBC Bank USA, National Association, as Trustee for Fremont Home Loan Trust 2006-D, Mortgage-Backed Certificates, Series 2006-D ("HSBC"), who is the current legal owner and holder of the Note and mortgagee of the Deed of Trust pursuant to a series of assignments recorded as document numbers 20100188402, 20130010204, 20140192525 in the official public records of Bexar County, Texas.

63. PHH as the mortgage servicer for HSBC, is a mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code and is authorized to conduct foreclosure proceedings on behalf of HSBC.

64. Under the terms of the Note and Deed of Trust, Eddie C. Nealy, Jr., was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. Under the terms of the Note and Deed of Trust, the Plaintiffs were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

65. The Loan Agreement further provides that should the Plaintiffs fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Deed of Trust selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

66. Eddie C. Nealy, Jr., has failed to make his payments under the terms of the Loan Agreement. A Notice of Default and Intent to Accelerate was mailed to the Plaintiffs on October 19, 2021 in accordance with the Loan Agreement and the Texas Property Code.

67. The Plaintiffs did not cure the default and the Loan Agreement was accelerated on February 7, 2022, when a Notice of Acceleration of Loan Maturity was mailed to Plaintiffs, in accordance with the Loan Agreement and the Texas Property Code.

**D. Cause of Action—Non-Judicial Foreclosure**

68. The foregoing paragraphs are incorporated by reference for all purposes.

69. Defendant/Counter-Plaintiff assert a cause of action for non-judicial foreclosure against the Plaintiffs. PHH, as the current legal owner and holder of the Note and the mortgagee

of record, has the right to enforce the Note and Security Instrument. PHH is the servicer for HBSC. Defendant/Counter-Plaintiff has fully performed its obligations under the Loan Agreement; however, the Loan Agreement is in default because of the failure to pay the amounts due.

70. Defendant/Counter-Plaintiff seeks a judgment allowing it to foreclose on the Property in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

71. Defendant/Counter-Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the Plaintiffs failure to comply with the Loan Agreement. Defendant/Counter-Plaintiff is therefore entitled to and seeks judgment against the Plaintiffs for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Deed of Trust signed by the Plaintiffs. Defendant/Counter-Plaintiff seeks an award of attorneys' fees as a further obligation on the Note and not as a money judgment against the Plaintiffs personally.

72. As this counterclaim is filed within thirty (30) days of the date Defendant's Answer is due, any applicable limitations period is revived pursuant to Section 16.069 of the Texas Civil Practice and Remedies Code.

73. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Counter-Plaintiff PHH Mortgage Corporation seeks to recover a judgment against the Plaintiffs allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, or alternatively, judicial foreclosure, plus its interest and attorneys' fees, and all costs of suit as a

further obligation on the debt. Defendant/Counter-Plaintiff further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Rachael Swernofsky*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**RACHAEL SWERNOFSKY**
Texas Bar No. 24097169
rswernofsky@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS/ COUNTER-PLAINTIFFS**

**CERTIFICATE OF SERVCE**

The undersigned certifies that on March 24, 2023, a true and correct copy of the foregoing document was delivered in the manner described below to the following counsel of record:

**VIA ELECTRONIC NOTICE**
Gregory T. Van Cleave
1520 W. Hildebrand
San Antonio, Texas 78201

*/s/ Rachael Swernofsky*
**RACHAEL SWERNOFSKY**